# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 24, 2008

Charles R. Fulbruge III
Clerk

No. 06-10132
Summary Calendar

JOEL GARCIA NUNEZ

Petitioner–Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent–Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-cv-2812

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Joel Garcia Nunez, Texas prisoner # 01002419, appeals from the district court's denial of his 28 U.S.C. § 2254 petition. This court granted a certificate of appealability (COA) on the issue of whether Nunez's trial counsel was ineffective for failing to object to the State's introduction of collateral matters during cross examination at the penalty phase of his trial. Also pending before this court is Nunez's motion for appointment of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

With respect to Nunez's claim of ineffective assistance of counsel, which was adjudicated on the merits in his state court proceedings, habeas relief will not be granted unless Nunez shows that the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that the state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

To prevail on an ineffective assistance of counsel claim, Nunez must show that his counsel's assistance was deficient and that the deficiency prejudiced his defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To demonstrate deficient performance, Nunez must establish that counsel's representation fell below an objective standard of reasonableness. Id. at 687-88. To demonstrate prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. A failure to establish either deficient performance or resulting prejudice defeats the claim. Id. at 697.

Nunez pled guilty to the first degree murder of Manuel Martinez, who Nunez believed was having an affair with Nunez's common law wife, Floridama Berrios. On the night of the murder, Nunez stopped by Berrios's apartment. When Nunez saw Martinez appear from inside the apartment, Nunez fatally shot Martinez in the head at point blank range.

During sentencing, which was tried before a jury, Nunez testified, raising the defense of sudden passion. Nunez testified that he and Berrios were separated because of Martinez. The State cross examined Nunez on this issue, asking if his wife had really left him because he had assaulted her two months prior to the murder. Nunez denied assaulting his wife. The next day, the State recalled Nunez for rebuttal, again questioning him about the assault. Nunez's

attorney did not object to the State's questions regarding the assault, the collateral matter which forms the crux of this appeal. At the close of the evidence, the jury rejected Nunez's sudden passion defense and sentenced him to 99 years in prison.

In order to demonstrate that counsel was deficient for failing to object under the first prong of Strickland, Nunez must show that an objection would have had merit – an attorney's conduct can hardly be found objectively unreasonable for failing to make a meritless objection. Whether an objection would have had merit depends on whether the alleged assault by Nunez is a collateral matter under Texas state law. The resolution of this question resulted in opposing decisions by two Texas courts. On Nunez's direct appeal, the state appellate court agreed that the prosecutor's questions on cross examination were improper because any facts pertaining to Nunez's possible assault of his wife several weeks earlier involved a collateral matter. However, the court affirmed Nunez's conviction because his counsel failed to object to the introduction of collateral matters on cross examination and thus procedurally defaulted the claim. The appellate court's rationale lends support to Nunez's argument that his counsel was deficient.

However, on state habeas review, the trial court found that the prosecutor's questioning Nunez regarding a prior assault during the punishment hearing did not involve a collateral matter for two reasons. First, the court held that Nunez's prior offenses, even unadjudicated ones such as the alleged assault of his wife, were proper matters of proof at a punishment hearing. Tex. Code Crim. Proc. Ann. art. 37.07(3)(a) (Vernon 2007). Second, Nunez testified during direct examination that Martinez's interference in his relationship with Berrios led to their separation some weeks earlier. Thus, the prosecutor was permitted to question Nunez regarding another possible reason for Nunez's separation from Berrios, a reason that would have undermined his direct testimony. For these reasons, the state habeas court held that it was not ineffective for trial

counsel to fail to object to the prosecutor's proper question. The Texas Court of Criminal Appeals denied Nunez's application for a writ of habeas corpus without written order; it relied on the findings of the trial court that were reached without a hearing. Although the two lower courts disagreed regarding the collateral matter, the state's highest criminal court denied Nunez's habeas application. This is a strong statement by the highest criminal court in Texas that Nunez's proposed objection would have been meritless.

The federal district court held that the Texas Court of Criminal Appeals' decision was neither contrary to, nor involved an unreasonable application of, Strickland. Because Nunez failed to object to the magistrate judge's report and recommendation, our review is limited to plain error. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428 (5th Cir. 1996) (en banc).

On appeal, Nunez has not shown that the Court of Criminal Appeals was unreasonable when it decided that the cross examination did not involve collateral matters. Nunez's counsel cannot have rendered ineffective assistance by failing to make a meritless objection. See Green v. Johnson, 160 F.3d 1029, 1037 (5th Cir. 1998), cert. denied, 525 U.S. 1174 (1999). Accordingly, Nunez has not established deficient performance by his counsel, and we need not address whether there was any prejudice. See Strickland, 466 U.S. at 697.

The judgment of the district court is AFFIRMED. Nunez's motion for appointment of counsel is DENIED.